UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

     H & S TRUCK STOP TRAVEL PLAZA LLC        BK 19-12076 CLB


                Debtor                            DECISION & ORDER
------------------------------------------------------

Thomas Denny, Esq.
Law Office of Thomas Denny
331 Alberta Dr.
Amherst, NY 14226
Attorney for Debtor

Thomas M. O'Donnell, Esq.
Deputy Corporation Counsel
City Hall of Niagara Falls
745 Main Street
Niagara Falls, NY 14302
Attorney for Notice of Appearance Creditor

Joseph W. Allen, Esq.
Office of the U.S. Trustee
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, NY 14202
Assistant United States Trustee


Bucki, U.S.B.J.

     In seeking the many benefits of bankruptcy, debtors implicitly represent that they have filed a petition with an honest intention to address financial obligations. The primary issue in this case is whether the absence of such good faith will here compel this Court not only to dismiss a bankruptcy petition, but also to restrict future access to bankruptcy relief.

H & S Truck Stop Travel Plaza LLC filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 7, 2019. In schedules filed with its petition, the debtor acknowledges the ownership of but a single asset, namely real property at 2522 Pine Avenue in the City of Niagara Falls, New York. Listing only four creditors, the schedules report obligations for unpaid real property taxes owed to Niagara County in the approximate amount of $22,000 and to the City of Niagara Falls in the approximate amount of $70,000. In its subsequent proof of claim, however, the City of Niagara Falls reported that its actual tax liens total $78,742.47 for delinquencies that extend from 2011 to 2019.

The Office of the United States Trustee now moves to dismiss this bankruptcy case with prejudice to any future filing for a period of two years. For cases filed under Chapter 11, section 1112 of the Bankruptcy Code establishes the basis for dismissal. Subject to exceptions not here relevant, subdivision (b)(1) of this section provides that "on request of a party in interest, and after notice and a hearing," the court may "dismiss a case under this chapter . . . for cause." The statute further recites that for purposes of dismissal, "cause" includes any of 16 specified grounds. 11 U.S.C. § 1112(b)(4).

The debtor filed no papers in opposition to the trustee's motion and did not appear at the hearing that was duly noticed to consider that request. Having carefully reviewed the arguments presented in written submissions and at the hearing, the Court finds that the trustee has established at least four grounds for dismissal. The

first cause for dismissal arises under 11 U.S.C. § 1112(b)(4)(H) from the debtor's failure to respond to the request of the trustee to schedule the initial debtor conference that the Trustee's Operating Guidelines require.  Pursuant to 11 U.S.C. § 1112(b)(4)© and (H), a second basis for dismissal results from a failure to provide proof of insurance, particularly with regard to general liability coverage, workers compensation insurance and New York State disability insurance.  Third, H & S Truck Stop Travel Plaza LLC failed to file a copy of its most recent tax return, as required for small business debtors.  *See* 11 U.S.C. § 1116(1)(A).  This omission constitutes cause for dismissal under 11 U.S.C. § 1112(b)(4)(F).   Fourth, under 11 U.S.C. § 1112(b)(4)(F) and (H), cause for dismissal arises from the debtor's failure to submit proof that it has opened a "debtor-in-possession" bank account as required by applicable operating guidelines.

For the reasons stated above, this Court will grant the trustee's motion to dismiss.  The more novel question is whether we should also limit the option to seek bankruptcy relief in the future.

The power to dismiss a case includes the authority to impose appropriate restrictions on future bankruptcy filings.  In relevant part, 11 U.S.C. § 349(a) provides that "unless the court, for cause, orders otherwise, the dismissal of a case under this title does not . . . prejudice the debtor with regard to the filing of a subsequent petition under this title . . . ."  Accordingly, although dismissal will not generally preclude a subsequent petition, the court for cause may order otherwise.  As

recognized by the Court of Appeals in *In re Casse*, 198 F.3d 327, 341 (2nd Cir. 1999), such cause will arise when a debtor's previously dismissed petition was filed in bad faith.

Bad faith is most readily demonstrated in the context of serial filings. In the present instance, H & S Truck Stop filed Chapter 11 once previously, in a case that this Court dismissed on February 8, 2016. With the passage of more than three years from that date, the prior dismissal might not, without more, have warranted a bad faith finding. But here, additional considerations prevail.

Real property taxes represent the overwhelming majority of liabilities in this case. At the hearing on the trustee's motion to dismiss, a representative of the City of Niagara Falls reported that H & S Truck Stop filed its current petition within a few days of the scheduled tax foreclosure of the real property at 2522 Pine Avenue. The obvious purpose of bankruptcy was to stop that sale. Even on the eve of sale, a good faith filing under Chapter 11 can serve as an appropriate vehicle to stay the tax foreclosure. This stay is no unconditional gift, however, but is extended to facilitate a reorganization that will address the underlying obligations. Consequently, bad faith becomes apparent whenever the debtor's conduct belies an intention to implement a plan for payment. By its failure to prosecute this case with due diligence, H & S Truck Stop has here established a level of bad faith that warrants not just a dismissal of this case, but a dismissal with prejudice.

Throughout New York State, real property taxes provide essential funding for

local and county governments.  The failure to pay these taxes will usually necessitate some form of an in rem proceeding to foreclose against the subject property.  Due to noticing and other logistical considerations, tax sales are scheduled infrequently, and in many municipalities, on a date that occurs only once per year.  With good intentions, taxpayers can use the bankruptcy process as a means to effect payment.  But this Court will not condone tactics that use bankruptcy as a ploy to frustrate the proper collection of taxes.  In as much as the unpaid taxes are here an obligation which attaches to the debtor's real property, any appropriate restriction on a future bankruptcy filing should apply both to the debtor and to any entity to which the debtor may transfer an interest in that real estate.

   Restrictions on future bankruptcy filings must always be reasonable in scope and duration.  Even after taking into account the challenges of foreclosure, the Court finds that the City of Niagara Falls and the County of Niagara will have ample opportunity to complete a tax sale within two years.  Accordingly, restrictions on future filings will have a duration that expires in twenty-four months.

   For the reasons stated herein, the motion of the United States Trustee is granted with prejudice so that H & S Truck Stop Travel Plaza LLC is precluded from seeking bankruptcy relief within twenty-four months of the date of this order.  Additionally, the automatic stay of 11 U.S.C. § 362(a) shall not apply to the real property that the debtor currently owns in a bankruptcy filed by any entity within the

same twenty-four month period.  However, nothing in this Decision and Order shall preclude a prospective debtor from making proper application to lift the restrictions stated herein for good cause.

    So ordered.

|  |  |
|---|---|
|  | /s/ Carl L. Bucki |
| Dated: December 20, 2019 | ---------------------------------------------- |
|     Buffalo, New York | Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y. |

Case 1-19-12076-CLB,    Doc 29,    Filed 12/20/19,    Entered 01/03/20 12:01:03,
Description: Main Document  , Page 6 of 6